532 P.2d 167
**STATE of Arizona, Appellee,**
**v.**
**John Henry BROWN, Appellant.**
**No. 1 CA–CR 711.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 25, 1975.

Rehearing Denied March 28, 1975.

Review Granted April 29, 1975.

**226**

Bruce E. Babbitt, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

HAIRE, Chief Judge, Division 1.

Several issues are raised on this appeal from an order of the Maricopa County Superior Court revoking appellant's probation and imposing a sentence of not less than three nor more than five years in the Arizona State Prison.

Before considering the issues raised by appellant, the Court must *sua sponte* determine whether under the 1973 Rules of Criminal Procedure the right to appeal remains as an available remedy for the review of probation revocation proceedings. If not, then this Court lacks jurisdiction to proceed further. This issue becomes manifest when one considers the provisions of Rules 27.7(e), 32.1(c), 32.1(d), Rules of Criminal Procedure, 17 A.R.S., and the comments thereto, which will be discussed in detail later in this opinion.

In the case before us the criminal action was commenced on August 4, 1972, when a complaint was filed charging the appellant with the crimes of burglary and grand theft. Rule 1.5 of the 1973 Rules of Criminal Procedure states that "These rules shall govern all criminal actions commenced on or after twelve o'clock midnight, 1 September 1973." Since this particular criminal action was commenced prior to September 1, 1973, it would initially appear that the old rules would apply, and that therefore it would not be necessary to consider any provisions of the new rules relating to probation revocation review procedures. However, consideration must be given to the decision of the Arizona Supreme Court in Noble v. State, 109 Ariz. 537, 514 P.2d 458 (1973), which, to some extent, modifies the provisions of Rule 1.5, so as to make certain provisions of the 1973 rules applicable to actions commenced before September 1, 1973. In Noble v. State, *supra,* the Court was faced with two petitions for habeas corpus filed on September 7, 1973 and September 11, 1973, respectively. In both cases the underlying action had been originally com-

menced prior to September 1, 1973. After discussing Rule 1.5, the Court stated:

> "We therefore hold that although based upon convictions resulting from matters which were commenced before 1 September 1973, a petition for writ of habeas corpus *or any other petition for post-conviction relief under Rule 32* is a new action for the purposes of the 1973 criminal rules and is considered 'commenced' on the day it is filed." (Emphasis added). 109 Ariz. at 538, 514 P.2d at 459.

The pertinency of the holding in Noble that petitions for post-conviction relief filed subsequent to September 1, 1973, are to be governed by the provisions of the 1973 rules arises from the fact that Rule 27 of the 1973 rules, which deals with revocation of probation, and the comments to Rule 27.7(e) state that review of a probation revocation is to be by means of a petition for post-conviction relief under Rule 32. In addition, Rule 32.1 itself includes language indicating that the review of probation revocation is to be accomplished through a Rule 32 petition when it provides for relief on the grounds that:

> "c. The sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
>
> "d. He is being held in custody after his sentence has expired or after his probation or parole has been unlawfully revoked;"

The comment to Rule 32.1(d) states that probationers who wish to challenge the revocation and the resulting sentence *will have to file* a petition under Rule 32.1(c) and (d) rather than appealing from the revocation and sentence imposed as was the case under the old rules. Thus, because Noble v. State has stated that petitions for post-conviction relief filed after September 1, 1973 are governed by Rule 32, and, it appearing that under Rule 32.-1(c) and (d) the only means of attacking a revocation of probation is pursuant to those rules, it would logically follow that there is no right to appeal directly from a

revocation of probation which occurs after September 1, 1973. If the foregoing interpretation is correct, the probationer must pursue his new remedy for post-conviction relief under Rule 32, prior to bringing the matter before this Court for appellate review.

However, notwithstanding the rather direct comment to Rule 32.1(d) that probationers who want to review their revocation and the resulting sentence will have to file a Rule 32 petition rather than appealing as under prior practice, there are some contra-indications in the 1973 rules which arguably indicate that the appeal remedy was still to be available.

Thus, Rule 27.7(d) commands that if probation is revoked the Court shall pronounce sentence in accordance with the proceedings set forth in Rules 26.10 through 26.16. Rule 26.11 provides that after pronouncing sentence the court shall:

> "a. Inform the defendant of his *right to appeal* from . . . [the] sentence . . . and advise him *that failure to file a timely appeal will result in the loss of the right to appeal.* (Emphasis added).
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> "c. Hand the defendant a written notice of these rights and the procedures he must follow to exercise them. . . ."

The comments to Rule 26.11 state that Form XXIII should be used to notify the defendant of his appeal rights. That form provides:

> "You have a *right to appeal* from a final judgment of conviction, from an order denying a post-trial motion, *or from a sentence which is illegal or excessive.* Arizona Constitution, art. 2, § 24; Arizona Revised Statutes Annotated § 13–1711 . . . ." (Emphasis added).

The probationer who seeks review is thus left in the dilemma of being faced on the one hand with the above-discussed Rule 32.1(d) comment to the effect that he can only seek review through a Rule 32 petition for post-conviction relief, and, on the

**228**

other hand, of being specifically advised both orally by the Court pursuant to Rule 26.11 and in writing through the provisions of Form XXIII, that he has the right to appeal, and that he will lose that right if he does not timely exercise it. Given these circumstances, it is not surprising that many defendants, including the appellant herein, have elected to follow the appeal route.

■ We are aware of only one Arizona appellate decision which has given any consideration to this review question. Division 2 of this Court has followed the comments to Rule 32.1(d) in the case of State v. Corrales, 22 Ariz.App. 516, 528 P. 2d 1275 (1974) and has held that the Court lacked jurisdiction in an attempted appeal from a revocation of probation and imposition of sentence, stating that appellant's proper remedy was by way of a Rule 32 post-conviction relief petition in the trial court. For the reasons stated in this opinion, we hold that, notwithstanding the above-discussed comment to Rule 32.1(b), a probationer who wishes to challenge his revocation and the resulting sentence has the option of either timely filing an appeal pursuant to Rule 31 or a petition for post-conviction relief pursuant to Rule 32.

Initially we note that in the original "Arizona Proposed Rules of Criminal Procedure",[1] proceedings governing post-conviction relief were set forth in proposed Rule 35. Under proposed Rule 35.10, the review of post-conviction proceedings was by *appeal*. However, prior to adoption of the rules, the right of appeal was dropped, and Rule 32.9 was substituted, providing for a discretionary review of post-conviction relief proceedings, in the nature of certiorari. The comments to Rule 35.10 indicate that the drafting committee considered the right to appeal from all post-conviction proceedings to be a substantive right given by the Arizona Constitution and statutes, and thus outside the scope of the Arizona Supreme Court's power to modify.[2] The Supreme Court obviously rejected this contention by adopting Rule 32.9. While it is within the power of this Court to consider and rule upon the constitutionality of a rule adopted by the Arizona Supreme Court, *see* State v. Meek, 9 Ariz.App. 149, 450 P.2d 115 (1969), cert. denied, 396 U.S. 847, 90 S.Ct. 73, 24 L.Ed. 2d 98 (1969), we choose not to base our holding that appeal is still available to review probation revocation proceedings upon any theory that the denial of such appeal would be a violation of the provisions of Art. 2, § 24, of the Arizona Constitution. Moreover, we do recognize the possibility that the comment to Rule 32.1(d) mandating review of probation revocation through Rule 32 post-conviction proceedings is an inadvertent comment holdover which should have been omitted when the appeal provisions of the originally proposed Rule 35.10 were dropped. However, this is mere speculation on our part. What is not speculation on our part, is the fact that, regardless of the original intent, the appellant seeking review of probation revocation proceedings is now faced with a confusing situation where he is expressly told that he has the right to appeal, but then through the comments to the rules is told that he has no such right. Under these circumstances it is our opinion that both remedies should remain alternatively available to him.

It is anticipated that the normal choice for review would be by appeal pursuant to Rule 31. However, where matters weighing on the lawfulness of the revocation or subsequent sentence came to light after the revocation and sentencing hearings, and

---

1. The "Arizona Proposed Rules of Criminal Procedure" were established by the Arizona State Bar Committee on Criminal Law on July 15, 1972 for presentation to the Arizona Supreme Court with the recommendation that they be promulgated to govern criminal proceedings in this state.

2. Concerning the right to appeal, *see* Arizona Constitution, Art. 2, § 24; A.R.S. §§ 13–1711 and 1713; concerning the Arizona Supreme Court's rulemaking power, *see* Arizona Constitution, Art. 6, § 5(5).

were thus not previously before the trial court, and consequently not ripe for appellate review, a petition for relief pursuant to Rule 32 would be the better remedy. Under these circumstances the applicant could then proceed in a fact-finding forum under Rule 32 for the presentation of his claim and could do so even if the appeal remedy were still available. Rule 32.-2(b), Rules of Criminal Procedure, 17 A.R.S. Again, conforming to the traditional post-conviction remedies which the rule was designed to simplify, subsection (c) of Rule 32.9 was adopted to thereafter provide discretionary review in the appropriate appellate court.

Another, and very practical consideration, has also influenced our decision in this matter. Unfortunately, at the time of the drafting of the 1973 rules, the probation revocation requirements imposed as a result of the United States Supreme Court decisions in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) were not known or fully appreciated. In this Court's decision in State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973) we set forth a suggested procedure which would accommodate the probation revocation requirements of our Rule 27 with these two United States Supreme Court decisions, resulting in a two-stage bifurcated hearing in the trial court with detailed procedural requirements before probation could be revoked and sentence imposed. With the implementation of these new developments, we can conceive of no useful purpose which would now be served by requiring each applicant for review of probation revocation to subject the trial court to a further and additional Rule 32 hearing, with its concommitant motion for rehearing, again in the trial court, as a condition precedent to review in this Court. In the rare case where further evidentiary development might be needed to develop the applicant's claimed violation of rights, Rule 32 proceedings would of course be appropriate. On the other hand, we believe that in the great majority of cases, review could more appropriately be accomplished by direct appeal.

■ Therefore, until directed otherwise by the Arizona Supreme Court, we hold that it is not absolutely necessary for a probationer who seeks to have his revocation and sentence review to file a Rule 32 petition for post-conviction relief in the trial court. He may accomplish such review by filing a timely appeal to the appropriate appellate court pursuant to Rule 31, or he may make application for post-conviction relief in the Superior Court, pursuant to Rule 32, Rules of Criminal Procedure, 17 A.R.S.

Having decided that the court has jurisdiction in this appeal, we now turn to the issues raised by appellant. Appellant argues that the entire evidence presented against him at the revocation hearing was hearsay, denied him the right to confront witnesses and was not "reliable" as required by Rule 27.7(c)(3), Rules of Criminal Procedure, 17 A.R.S. Further, appellant argues that the trial court erred in not crediting him for the 90 days served in the county jail as a condition of probation.

The facts necessary for a determination of these issues show that pursuant to a plea bargain, judgment was entered on November 9, 1972, finding the appellant guilty of grand theft, a felony. The imposition of sentence was suspended for 5 years and the appellant was placed on probation under certain conditions, including the following:

> "3. Defendant shall not have in his possession or use any narcotics including marijuana, or dangerous drugs in violation of any law and shall not associate with any person that uses or traffics in narcotics or dangerous drugs in violation of any law."

After some intermediate probation difficulties which are not pertinent to the issues on this appeal, on December 11, 1973, a bench warrant was issued for the arrest of the appellant pursuant to a petition to revoke

probation filed that day. Under this petition it was alleged that the appellant showed positive for morphine on urinalysis tests given on November 29, 1973 and December 6, 1973. The petition also alleged that the appellant had showed positive for methadone and phenolpropanlamine and an unidentified drug on December 4, 1973. Appellant was arrested on the warrant, and on January 8, 1974 appeared before the Superior Court for his initial appearance at which time the matter was set for preliminary hearing on probation revocation for January 24, 1974. The Public Defender was appointed to represent appellant. On January 24, 1974 the appellant appeared with counsel and denied the allegations. The matter was then set for hearing on January 31, 1974. Additional facts pertinent to the issues raised will be set forth in our discussion of those issues.

■ We will first consider the contention that probation officer Loyd's hearsay testimony from the hospital report denied appellant his Sixth Amendment right to confront witnesses and was not "reliable" as required by Rule 27.7(c)(3), Rules of Criminal Procedure, 17 A.R.S. The recent cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973), and State v. Patricella, 20 Ariz.App. 335, 512 P.2d 867 (1973), are cited in support of his position that probation is no longer considered a matter of "grace" but is a liberty protected by the 14th Amendment of the United States Constitution, a liberty of which the probationer may not be deprived without due process of law, including the right to confront and examine one's accusers.

With this general proposition we find no quarrel. The concept of probation as grace was succinctly put to rest in Gagnon, *supra:*

"It is clear at least after Morrissey v. Brewer [supra], that a probationer can no longer be denied due process, in reli-

ance on the dictum in Escoe v. Zerbst, 295 U.S. 490, 492, 55 S.Ct. 818, 79 L.Ed. 1566 that probation is an 'act of grace'." 411 U.S. at 782, n. 4, 93 S.Ct. at 170.

■ In Morrissey and Gagnon the Supreme Court did not, however, as appellant suggests, hold that the right to confrontation would be of the same scope as afforded in the trial stage of the prosecution. The Court stated that the liberties were conditional and were properly dependent upon observance of special restrictions which had to be considered in applying the flexible requirements of due process. Thus, in announcing the specific minimum due process requirements at a parole or revocation hearing, the Court recognized that the right to confrontation was subject to limitation where the hearing officer found good cause for not allowing confrontation. In addition, a full reading of Morrissey and Gagnon reveal that the parenthetical limitation of finding of "good cause" was not meant to require a specific recitation thereof by the trial court. In making this statement we are cognizant of State v. Marlar, 20 Ariz.App. 191, 511 P.2d 204 (1973), which cited Morrissey and Gagnon in holding that the admission of hearsay over objection by the probationer should only be permitted where the trial judge specifically finds good cause for not allowing confrontation. However, Marlar was decided prior to the adoption of Arizona's new rules of criminal procedure and for the reasons stated below is not controlling.

In the prelude to the minimum requirement announced in Morrissey it was said:

"We cannot write a code of procedure; that is the responsibility of each State." 408 U.S. at 488, 92 S.Ct. at 2604.

Again in Morrissey:

"It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." 408 U.S. at 489, 92 S.Ct. at 2604.

And in Gagnon:

"An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses. . . . While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimony . . . ." 411 U.S. at 782, n. 5, 93 S.Ct. at 1760.

■ We believe that Rule 27.7(c)(3) of the new rules, which permits reliable hearsay to be admitted at a revocation of probation hearing, is a viable evidentiary guide to the trial court within the constitution framework of Morrissey and Gagnon, and avoids emasculation of the right to confrontation as feared in Marlar if hearsay were always allowed.

The question remaining is whether the probation officer's hearsay testimony was reliable within the meaning of Rule 27.-7(c)(3).

The comments to the rule state that this subsection was taken from the ABA Standards Relating to Probation at § 5.4 and the New York Criminal Procedure L. § 410.70(3) (1970). However, neither of these rules uses the word "reliable". The ABA Standard is apparently cited for its "preponderance of the evidence test" as is the New York rule. The New York rule, permitting "any relevant evidence not legally privileged" is more flexible than Arizona's rule.

■ We assume that the word reliable was inserted by the drafters of the proposed rules and was meant to be used in its ordinary sense. Webster's Third New International Dictionary (1965) defines reliable as:

"Suitable or fit to be relied on: . . . worthy of dependence or reliance: of proven consistency in producing satisfactory results. . . ."

■■ It is synonymous with trustworthy and thus connotes that type of dependency which underlies the generally recognized exceptions to the hearsay rule. We do not imply, however, that the adjective was inserted to limit the use of hearsay to its recognized exceptions. To do so would have been excess verbiage. Rather, we construe the rule to permit hearsay where, in the sound discretion of the trial court, the circumstances are such as to afford a reasonable assurance of the truthfulness of the hearsay and the circumstances warrant its use. See McCormick, C. T., Law of Evidence § 305 (1954): "The Future of Hearsay" for a similar result.

In the case at bar, Mr. Loyd established the following foundation for the introduction of the laboratory reports:

"I had the defendant report down to the Adult Probation on Mondays and Thursday evenings, and a urinalysis was taken there under the supervision of an Adult Probation Officer with the assistance of volunteers through the department that have been sworn in by Superior Court Judge, and then they are taken over to St. Luke's Medical Hospital by said volunteer, or Probation Officer, whichever the case may be, and a urinalysis is run there, and then a report is sent back to the department from St. Luke's laboratory."

■ This testimony established that the reports were reasonably reliable and in the absence of any evidence otherwise by the defendant, we cannot say that the trial court abused its discretion in giving greater weight to judicial economy than the unsupported objections by defendant in admitting the reports and Mr. Loyd's testimony based thereon. *See* State v. Salinas, 23 Ariz.App. 232, 532 P.2d 174 (filed February 25, 1975) for further discussion of this problem.

■ Finally, appellant argues that he should have been given credit for 90 days which he served in the Maricopa County Jail as a result of a prior modification of the terms of his probation. Because a sentence is not actually imposed until after probation is revoked, State v. Witt, 19

Ariz.App. 440, 508 P.2d 105 (1973), appellant's incarceration as a term of probation is legally synonymous with other presentence incarceration. The appellant was adjudged guilty of grand theft, which carries a maximum penalty of ten years' imprisonment. A.R.S. § 13–671(A). Here, the appellant was sentenced to a term of three to five years, well within the maximum prescribed by the statute. It is presumed that the trial court considered the 90 day confinement in imposing sentence and we find no abuse of discretion by the trial court. State v. Sutton, 21 Ariz.App. 271, 518 P.2d 590 (1974).

The revocation and sentence are affirmed.

JACOBSON, P. J., and EUBANK, J., concur.