549 P.2d 180

**STATE of Arizona, Appellee,**

v.

**Ruben Solarez FLORES, Appellant.**

**No. I CA–CR 1355.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 4, 1976.

Rehearing Denied May 27, 1976.

Review Denied June 22, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

OPINION

SCHROEDER, Judge.

In this appeal from revocation of appellant's probation, the only issue is whether a laboratory report showing the presence of morphine in appellant's urine was not "reliable" and therefore inadmissible at his probation revocation hearing.

Rule 27.7(c)(3) of the 1973 Rules of Criminal Procedure, now designated Rule 27.7(b)(3), provides that, "The court may receive any reliable evidence not legally privileged, including hearsay." This Court has interpreted this rule to permit hearsay "where, in the sound discretion of the trial court, the circumstances are such as to afford a reasonable assurance of the truthfulness of the hearsay and the circumstances warrant its use." *State v. Brown*,

23 Ariz.App. 225, 231, 532 P.2d 167, 173 (1975).

Several cases have permitted the use of hearsay in probation revocation proceedings. *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975); *State v. Belcher,* 111 Ariz. 580, 535 P.2d 1297 (1975) (probation officer testified that he was informed by the police department that the probationer had been arrested and charged with carrying a weapon); *State v. Salinas,* 23 Ariz.App. 232, 532 P.2d 174 (1975) (communications and records within the probation department admitted into evidence).

In this case, the probation officer testified that appellant reported to the Adult Probation Department on the evening of April 21 to submit a urine specimen. He further testified as to the general procedures followed in obtaining specimens. The probationer, accompanied by a volunteer probation officer, is sent to a restroom where a specimen is taken. A label with the probationer's name and case number on it is attached to the bottle containing the specimen. The bottle is then transported to St. Luke's Hospital by a volunteer probation officer where a urinalysis is conducted and a report is prepared. The report is sent to the probation department.

Over appellant's objections, the State was permitted to introduce a copy of this report into evidence. The report stated that appellant's urine contained morphine and methadone. On the basis of this report, the trial court revoked appellant's probation.

Appellant argues that the report was inadmissible hearsay. However, we conclude that the current case is controlled by *Brown, supra,* which held that a similar lab report was admissible after similar testimony establishing how the sample was taken. Appellant specifically objected to the report because the probation officer was unable to testify about hospital testing procedures and could not establish the report as a business record of the hospital. The trial court termed appellant's objections "supported" in the sense that without

further foundation, the report would not have been admissible in an adversary criminal trial. However, here as in *Brown* and *Salinas, supra,* the objection was unsupported in that appellant presented nothing to indicate that this report was inaccurate, or that the hospital testing procedures were generally unreliable. There was no challenge to the authenticity of the report. Appellant is, in essence, arguing that the use of hearsay under Rule 27 should be limited to the traditionally recognized exceptions. Any such limitation was squarely rejected by this Court in *Brown, supra,* 23 Ariz.App. at 231, 532 P.2d 167.

Pursuant to *Brown,* the trial court specifically weighed appellant's objections against the interests of judicial economy and the need to avoid unnecessary testimony and documentation. The court below appropriately exercised its discretion in admitting the report.

Judgment affirmed.

JACOBSON, P. J., and WREN, J., concur.