569 P.2d 1347

**The STATE of Arizona, Appellee,**

v.

**Frank Cienfusgo RIVERA, Appellant.**

**No. 3889.**

Supreme Court of Arizona,
In Banc.

Sept. 20, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Crane McClennan, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from an order revoking the defendant's probation on two counts of sale of a narcotic drug, A.R.S. § 36–1002.02, and a sentence thereon of not less than five nor more than five and one-half years in the Arizona State Prison.

Defendant's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), raising the following issues on appeal:

1. Did the trial court err in admitting the urinalysis report at the probation violation hearing without an adequate foundation?
2. Did the trial court improperly admit certain statements made by the defendant to his probation officer?
3. Did the court err in considering certain allegations of which the defendant had received no notice?

These facts are necessary for a resolution of the issues raised. On 1 October 1974, defendant, Frank Rivera, was indicted on two counts of sale of a narcotic drug, heroin. On 5 March 1975, he pled guilty on both counts and on 2 April imposition of sentence was suspended for a period of five years and defendant was placed on probation. As a condition of his probation, defendant was incarcerated in the Maricopa County Jail for a period of six months.

On 6 April 1976, a petition to revoke defendant's probation for violation of terms two and three of the terms and conditions of his probation was filed. He was taken back into custody sometime in early April and he remained in the Maricopa County Jail for approximately thirty days. On 5 May, pursuant to a recommendation by his probation officer, defendant was released from custody and reinstated on probation under modified terms and conditions requiring him to attend the Valle Del Sol drug program.

On 22 June 1976, another petition to revoke defendant's probation was filed. It alleged that on 10 May 1976 and again on 13 May 1976, defendant failed to submit to urinalysis testing as directed by his probation officer, thus violating term No. 9 of the terms and conditions of his probation. It also alleged that on or about 6 May 1976, defendant "did possess or use" a dangerous drug, to wit, heroin. An initial appearance was held on 24 June and defendant was arraigned on 6 July at which time he denied the allegations and a violation hearing was set for 22 July 1976.

At the violation hearing, defendant's probation officer testified that on 6 May 1976

defendant came in for a urinalysis test. He testified further that the results of that test indicated the presence of morphine in the defendant's urine. On the basis of this testimony, the court admitted the lab report indicating the foregoing result into evidence. In relation to this, the probation officer further testified that he spoke with the defendant by video phone on approximately 29 June 1976 and that in that conversation the defendant admitted that he had used heroin and that that was the reason the urine had contained morphine.

The probation officer also testified that he had instructed the defendant to come in for urinalysis testing on 10 May and 13 May and that defendant had failed to do so.

Defendant, having been in the county jail for the thirty days prior to 5 May 1976, testified that he had not had access to or used any drugs while in jail. He also denied having used any drugs on the 5th and he denied having told his probation officer that he had used heroin that day. He argued that the urinalysis taken on the 6th had to be a mistake. He further testified that his probation officer had failed to tell him to report for urinalysis testing on the 10th and the 13th as alleged.

The court found that the defendant failed to report for urinalysis as directed and that his urinalysis report for 6 May indicated the presence of morphine. A disposition hearing was held on 30 July 1976 and defendant's probation was revoked. This appeal followed.

## ADMISSION OF RELIABLE EVIDENCE

Defendant asserts that the trial court erred in accepting evidence at the violation hearing not shown to be "reliable." Specifically, he asserts that there was insufficient foundation for the admission of the toxicology report indicating the presence of morphine in his urine.

Rule 27.7(b)(3), Rules of Criminal Procedure, as amended 1975, provides that at a revocation hearing "[t]he court may receive any reliable evidence not legally privileged, including hearsay." In *State v. Brown,* 23 Ariz.App. 225, 532 P.2d 167 (1975), the Court of Appeals, Division One, interpreted Rule 27.7(b)(3), previously designated Rule 27.7(c)(3), Rules of Criminal Procedure (1973), to permit hearsay "where, in the sound discretion of the trial court, the circumstances are such as to afford a reasonable assurance of the truthfulness of the hearsay and the circumstances warrant its use." 23 Ariz.App. at 231, 532 P.2d at 173. In that case the court sustained the admission of a probation officer's hearsay testimony from a hospital report indicating the presence of morphine in the probationer's urine as "reliable" hearsay within the meaning of present Rule 27.7(b)(3). We granted review and affirmed that portion of the Court of Appeals opinion without discussion. *State v. Brown,* 112 Ariz. 29, 536 P.2d 1047 (1975).

Defendant concedes that under certain circumstances laboratory reports may be admitted based solely on the hearsay testimony of a probation officer. He argues, however, that in the instant case the State failed to establish a sufficient foundation to show the "reliability" of the challenged evidence. We disagree.

At the violation hearing, defendant's probation officer testified that he "followed the normal procedure on taking urinalysis at the office." In response to a question on voir dire, he explained that when a urine sample is taken the defendant's name, his cause number and the date the sample was taken are placed on the sample. He indicated that the sample is then sent to St. Luke's Hospital where the test is performed and a report is made indicating the result. He testified that he received the report on the defendant "in the normal course of procedure" and that it showed morphine in defendant's urine. The foundational testimony for the introduction of the laboratory reports in *State v. Brown,* supra, contrary to defendant's assertions, was not significantly different than that presented here. We affirmed the Court of Appeals conclu-

sion that the reports were thus shown to be reliable based on the evidence presented there and we reach the same conclusion here.

 While the record shows contradictory evidence as to whether the defendant used heroin prior to the urinalysis performed on 6 May, evidence is not insufficient simply because the testimony is conflicting. *State v. Ballinger,* 110 Ariz. 422, 520 P.2d 294 (1974). Moreover, the credibility of witnesses is an issue for the trial court whose rulings will not usually be upset on appeal. *State v. Hunter,* 112 Ariz. 128, 539 P.2d 885 (1975). We find no error.

## MIRANDA WARNINGS

 Defendant next argues that the trial court erred in receiving into evidence statements made by him to his probation officer without first having determined whether he had been given his *Miranda* warnings. We do not agree. In *State v. Fimbres,* 108 Ariz. 430, 501 P.2d 14 (1972), we held that statements made to a probation officer about crimes committed by the probationer during probation are admissible in a hearing to revoke probation regardless of whether the probationer has been read his *Miranda* rights prior to such admissions.

Defendant, however, cites this court's later decision in *State v. Magby,* 113 Ariz. 345, 554 P.2d 1272 (1976). His reliance on that case is, however, misplaced. In *Magby,* supra, we held that statements about a later crime made by a probationer to his probation officer while in custody and without *Miranda* warnings are inadmissible in a subsequent trial for that crime. Our holding in that case had nothing to do with the admissibility of such statements at a probation revocation hearing. Our decision in *Fimbres,* supra, is controlling and we find no error in the admission of the statements here in question.

## CONSIDERATION OF IMPROPER EVIDENCE

 Finally, defendant argues that the court improperly considered his failure to attend the Valle Del Sol drug program as required by the modified terms and conditions of his probation in that the petition to revoke did not allege a violation of that condition nor did the defendant receive any other notice of the alleged violation of that condition. Rule 27.7(a)(2), Rules of Criminal Procedure, as amended 1975, requires that the court, at the revocation arraignment, inform the probationer of each alleged violation. Moreover, it is a basic requirement of due process that a probationer receive written notice of the alleged violations prior to the revocation hearing. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973).

While it is true that the defendant did not receive notice as to the violation of that condition, an examination of the record reveals that the court did not rely on defendant's failure to attend the drug program in revoking his probation. Although the court did note that, by his own admission, defendant had failed to attend the Valle Del Sol program, it did not make a specific finding as to that fact, nor did it revoke defendant's probation on that basis.

 Moreover, even if the court had considered defendant's failure to attend the program we would not be required to set aside the revocation since the court properly found the defendant to have violated his probation on two other grounds of which he was given adequate notice. *State v. Espinoza,* 113 Ariz. 360, 555 P.2d 318 (1976); *State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975); *State v. Gomez,* 112 Ariz. 243, 540 P.2d 1224 (1975).

The revocation of probation and sentence are affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.