835 P.2d 495

STATE of Arizona, Appellee,

v.

Guy Edward SNIDER, Appellant.

Nos. 1 CA–CR 90–1255,
1 CA–CR 90–1256.

Court of Appeals of Arizona,
Division 1, Department E.

July 23, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Diana P. Stabler, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James M. Likos, Deputy Public Defender, Phoenix, for appellant.

OPINION

FIDEL, Chief Judge.

Appellant Guy Snider (defendant), found to have violated the terms of his probation,

was reinstated on probation but required to serve a year in jail. On appeal defendant alleges that the trial court erred 1) by permitting the State to introduce unreliable hearsay at his violation hearing, and 2) by imposing a full year's probationary jail term without crediting the time defendant had spent in custody awaiting violation hearing and disposition.

## FACTS

Defendant was serving probationary terms for a pair of drug offenses when the underlying violation proceedings commenced. In Cause No. CR–88–11400, after pleading guilty to possession of a narcotic drug, and in Cause No. CR–90–00347, after pleading guilty to possession of marijuana, defendant had been placed on overlapping terms of three years' probation. As a condition of the first probation, defendant had served a 45 day term in jail; in the second probation, no jail term was initially imposed. In May of 1990, the State petitioned to revoke both probations, alleging that defendant had used or possessed unlawful drugs. Defendant contested the allegations, and the trial court found in favor of the State. Although the court reinstated defendant on probation in both offenses, the court imposed a 365 day jail term as a condition of probation on the second offense (Cause No. CR–90–00347).

## ADMISSIBILITY OF TEST RESULTS

The evidence at the violation hearing consisted solely of the probation officer's testimony. The officer testified that on April 5, 1990, when visiting defendant at his home, he saw a marijuana roach on defendant's bedpost. In urinalysis later that day, defendant tested positive for THC, which marijuana contains. On April 24, according to the officer, defendant again tested positive for THC and for cocaine as well.

■ Defendant argues that the officer's reference to urinalysis results was inadmissible hearsay. Although Arizona Rule of Criminal Procedure 27.7(b)(3) provides that at violation hearings, "[t]he court may receive any reliable evidence not legally privileged, including hearsay," defendant argues that the officer's testimony was not reliable. The probation officer testified that he supervised the taking of defendant's urine samples, labeled them, placed them in "the urinalysis room," secured the door, and later received the test reports. He did not supervise the testing of the samples, he did not know how the tests were conducted, and he could not state the name, skills, education, or experience of the technician or technicians who performed the tests. He indicated that he followed "[s]tandard practice for our department." The State failed to introduce the test reports themselves.

"Hearsay evidence is considered reliable where the circumstances tend to establish that the evidence offered is trustworthy." *Wieseler v. Prins*, 167 Ariz. 223, 227, 805 P.2d 1044, 1048 (App.1990); *see also State v. Brown*, 23 Ariz.App. 225, 231, 532 P.2d 167, 173 (1975), *approved*, 112 Ariz. 29, 536 P.2d 1047 (1975). A trial court has reasonable discretion to determine whether evidence is reliable. *See State v. Tulipane*, 122 Ariz. 557, 558, 596 P.2d 695, 696 (1979).

Arizona courts have consistently found urinalysis reports to be reliable hearsay under Rule 27.7. *Tulipane*, 122 Ariz. at 559, 596 P.2d at 697; *State v. Rivera*, 116 Ariz. 449, 451, 569 P.2d 1347, 1349 (1977); *State v. Flores*, 26 Ariz.App. 400, 401, 549 P.2d 180, 181 (1976); *Brown*, 23 Ariz.App. at 231, 532 P.2d at 173. In the cited cases, the probation officer was neither required to describe the test procedures nor to identify and establish the qualifications of the technicians who performed the tests. Rather, the reports were accepted as reliable evidence upon the officer's testimony that the samples were collected, labeled, and submitted in accordance with standard office procedure, in the absence of "any positive evidence which controverts the reliability of the report in the instant case." *Tulipane*, 122 Ariz. at 559–60, 596 P.2d at 697–98; *see also Rivera*, 116 Ariz. at 451–52, 569 P.2d at 1349–50.

■ In this case, however, the State did not offer the reports; the probation officer merely recounted what the reports showed. The evidence was thus hearsay once re-

moved. Yet here, as in the cited cases, the defendant presented no evidence to refute the reported test results. Nor did he testify at the violation hearing that he had not used marijuana and cocaine. Moreover, the first test result was corroborated by the probation officer's observation of a marijuana roach on defendant's bedpost. Under the circumstances, though admission of the test reports would have been better practice, we cannot find that the trial court abused its discretion by admitting the probation officer's testimony as reliable evidence that defendant had violated his probation.

### JAIL TERM

■ Defendant spent 72 days in custody awaiting disposition after his arrest for violating probation. Defendant argues that he was statutorily entitled to have these 72 days credited against the 365 day jail term that the trial court imposed when reinstating his probation. The trial court's failure to award such credit, according to defendant, violated Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–901(F) (1989), which limits to one year the time a defendant may spend in custody during probation.

Because it has been more than one year since defendant's disposition hearing, defendant has presumably served the time. We nevertheless decide the issue as one that might otherwise evade review. *State v. Clements*, 161 Ariz. 123, 124, 776 P.2d 801, 802 (App.1989); *accord State v. Mathieu*, 165 Ariz. 20, 21, 795 P.2d 1303, 1304 (App.1990).

The issue is purely one of statutory, not constitutional, interpretation. We recognize that the Fourteenth Amendment of the United States Constitution may be implicated when crediting bailable presentence incarceration against a prison term. "Credit for presentence incarceration is rooted in the equal protection principle that defendants unable to make bail should not serve longer in custody than those financially able to make bail." *Clements*, 161 Ariz. at 126, 776 P.2d at 804 (citing *State v. Hamilton*, 153 Ariz. 244, 245, 735 P.2d 854, 855 (App.1987)). The 72 days at issue here, however, were not bailable presentence incarceration; they resulted rather from arrest on an allegation of probation violation. A defendant so incarcerated is ordinarily ineligible for bail. *See* Ariz.R.Crim.P. 27.6, 7.2(b).[1] Therefore, equal protection is not implicated—defendant would have served the 72 days regardless of his ability to post bail.[2]

■ We turn to the relevant statutes. A.R.S. section 13–901(F) provides:

When granting probation the court may require that the defendant be imprisoned in the county jail at whatever time or intervals, consecutive or nonconsecutive, the court shall determine, *within the period of probation,* as long as the period actually spent in confinement does not exceed one year or the maximum period of imprisonment permitted under chapter 7 of this title, whichever is the shorter.

(Footnote omitted.) (Emphasis added.) Defendant correctly argues that this stat-

---

1. Rule 27.6 provides in part:
   When a probationer is arrested on a warrant issued under Rule 27.5(b), his probation officer shall be notified immediately, and the probationer shall be taken without unreasonable delay before the issuing judge who shall ... make a release determination under Rule 7.2(b).
   Rule 7.2(b) provides in part:
   After a person has been convicted of any offense for which he will in all reasonable probability suffer a sentence of imprisonment, he shall not be released on bail or on his own recognizance unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding.

2. A separate issue is whether the Fourteenth Amendment requires that presentence jail time resulting from inability to post bail be credited against a full year probationary jail term, in order to avoid a longer cumulative term for those unable to post bail. This Court held otherwise in *State v. Brodie*, 127 Ariz. 150, 151, 618 P.2d 644, 645 (App.1980). Our holding has been criticized. *See* W. John Thomas, Note, *Pre-sentence Jail Credit and Probationary Jail Time,* 22 Ariz.L.Rev. 1099, 1103–04 (1980). Defendant served one day of pre-probationary incarceration on the second offense, but has not challenged the trial court's failure to credit that day against his one year probationary term. Accordingly, we have no occasion to revisit *Brodie* in this case.

ute prevents a court from imposing jail time that will result in more than one year of confinement during the period of probation.

Defendant's argument fails, however, because the 72 days at issue were not "within the period of probation." A.R.S. section 13–903(D) (1989) is dispositive:

> The running of the period of probation shall cease during the period from the filing of the petition to revoke probation to the termination of revocation of probation proceedings, except that if a court determines that the defendant is not a violator, there is no interruption of the period of probation.

This statute tolled the period of probation for the 72 days defendant spent in custody awaiting disposition. Because these 72 days were not "within the period of probation," the one year maximum probationary jail term of section 13–901(F) was not depleted by those days, and statutory credit was not required.[3]

While our decision is statutorily based, it also promotes sound correctional policy. A trial court's willingness to reinstate probation may sometimes depend upon its ability to impose a full probationary year in jail. A trial court is free under our decision to impose a lesser probationary jail term (or no probationary jail term at all), upon consideration of all pertinent circumstances, including the circumstance of time already spent in jail. But a trial court is also free under our decision to impose a full probationary year in jail, despite time served awaiting disposition, if such a term best suits the case at hand. Our interpretation thus enhances the court's discretion to choose probationary incarceration as an alternative to a prison term.

## CONCLUSION

We have searched the record for fundamental error and found none. For the reasons we have given, the trial court's disposition of revocation proceedings is affirmed.

VOSS, and SHELLEY, (retired)[4], JJ., concur.

---

3. We note that, if defendant's probation is ultimately revoked and imprisonment imposed, defendant will receive credit for the 72 days against his prison sentence. *See* A.R.S. § 13–709(B) (1989). He will also receive credit for the one year jail term pursuant to A.R.S. § 13–903(F) (1989).

4. Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 20 of the Arizona Constitution and A.R.S. § 38–813 (1985).