**STATE of Tennessee**

v.

**Avery WALKER.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 13, 2009 Session.

Aug. 10, 2009.

Application for Permission to Appeal Denied by Supreme Court Jan. 25, 2010.

Cara E. Lynn (on appeal) and John C. Colley (at hearing), Columbia, Tennessee, for the appellant, Avery Walker.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; Mike Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

The defendant, Avery Walker, appeals the trial court's revocation of his probation, arguing that he was denied his right to confrontation under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because the declarant of the affidavit establishing that he tested positive for cocaine did not testify at the

revocation hearing. After review, we affirm the judgment of the trial court.

## FACTS

Pursuant to a negotiated plea agreement, the defendant received twelve years of probation when he pled guilty to two counts of possession of a Schedule II controlled substance in an amount of less than 0.5 grams and one count of facilitation of possession of cocaine in an amount over 0.5 grams. On September 21, 2005, a probation violation warrant was issued alleging that the defendant violated his probation by testing positive for cocaine. The violation warrant was later amended to allege that the defendant violated his probation by failing to report to his assigned probation officer. The warrants were served on the defendant on August 5, 2008.

A probation revocation hearing was held on October 23, 2008, at which Emily Thigpen, the defendant's current probation officer, testified. Thigpen stated that the defendant was placed on probation on September 10, 2001 for a term of twelve years. Thigpen has supervised the defendant since May 2006, but he has never reported to her.

The State sought to admit an affidavit from Dr. Timothy Robert stating that a specimen taken from the defendant tested positive for cocaine. The defendant objected on chain of custody and confrontation grounds, but the trial court admitted the affidavit over the defendant's objection. The affidavit was as follows:

> I am Dr. Timothy A. Robert and hold a Doctorate degree in Biomedical Sciences, Pharmacology awarded from East Tennessee State University, Quillen College of Medicine. I am specifically educated in the effects of drugs and chemicals in humans as well as factors influencing the time course (pharmacokinetics) of those effects in man. My training and experience includes the analytical techniques for measuring drugs and chemicals in biological fluids. I have been board certified as a clinical laboratory director by the American Board of Bioanalysis, and am a Diplomate of the American Board of Clinical Chemistry. I am licensed as a Laboratory Director by the State of Tennessee and the State of New York. I am a laboratory inspector for the United States Department of Health and Human Services. I have been an Assistant Professor in the Pharmacology Department of the Quillen College of Medicine at East Tennessee State University, and Assistant Professor of Biochemistry and Pharmacology at Ross University, Dominica, West Indies. I am a member of various professional associations and have participated in many continuing education programs throughout my professional career. I have served as a consultant and expert witness for various organizations in numerous venues. I am the author or co-author of numerous publications and I have made numerous presentations in the area of forensic and clinical toxicology and analytical toxicology. I have conducted research and analytical method development for various drugs of abuse within specimens obtained from humans. A recent publication was entitled, "A Single Step GC/MS Procedure for Quantitation of 6–Monoacetyl Morphine, Coupled with Simultaneous Quantitation (6) and/or Detection (8) of 14 Additional Opiate Compounds, Following Derivatization with Propionic Anhydride". I am the Laboratory Director of Aegis Analytical Laboratories, Inc[.] which is accredited by the U.S. Department of Health and Human Services (DHHS) and licensed by the States of Tennessee, New York, Maryland, and Florida.
> Pursuant to T.C.A. 40–35–311(c)(1)

This affidavit is made of my own personal knowledge and is true and correct and accurate in all respects. Specimen 1111376 from donor 314456CH was received at Aegis Analytical Laboratories by Philip Powell on September 16, 2005 via UPS courier from Columbia Regional Office. The specimen and all portions thereof were handled with strict chain-of-custody documentation and all testing was performed according to accepted laboratory practices. The specimen was initially tested for drugs of abuse by CEDIA immuno-assay techniques on September 16, 2005 by Dana Turman, a laboratory technician. Results of these tests indicated the presence of Cocaine Metabolite and a low specific gravity. A low specific gravity causes observed drug concentrations to be lower than they would have been if the specific gravity had been normal. Confirmation testing by gas chromatography/mass spectrometry (GC/MS) for Cocaine Metabolite by Amy Kinkennon on September 19, 2005 was positive for Benzoylecgonine at a concentration of greater than 2000 ng/mL, and Specific Gravity at a concentration of 1.0009. After review and certification, these results were reported on September 19, 2005. These test results are consistent with the use of Cocaine within 3 days prior to specimen collection.

I, Timothy A. Robert, certify that all established Aegis Analytical Laboratory and T.D.O.C. procedures, protocols, and chain of custody were followed in the testing of this specimen. The method of testing used is the most accurate for this particular drug and the results were reliable and accurate. I further affirm that the information provided in this affidavit is true and factual to the best of my belief and knowledge. I understand that submission of false information in this affidavit may subject me to prosecution for the criminal offense of perjury pursuant to T.C.A. 39–16–702.

In revoking the defendant's probation, the court stated, "I'm not clear what the State's position is once the revocation warrant is taken on failure to report. He hasn't reported since 9/14/05, but the Court finds that the positive test for cocaine is enough to revoke the probation of [the defendant]."

## ANALYSIS

The defendant argues that the trial court erred in revoking his probation based on the affidavit stating that he had tested positive for cocaine. He specifically asserts that he has a right to confrontation in a probation revocation hearing, that an affidavit is testimonial under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that the affidavit was inadmissible under *Crawford* because he was unable to cross-examine the declarant of the affidavit, and that Tennessee Code Annotated section 40–35–311 is no longer valid because it was enacted prior to *Crawford.*

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn.Code Ann. §§ 40–35–310, –311 (2006). The revocation of probation lies within the sound discretion of the trial court. *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991); *State v. Stubblefield,* 953 S.W.2d 223, 226 (Tenn.Crim.App.1997); *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn.Crim.App.1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge

that a violation of the conditions of probation has occurred.'" *State v. Wall*, 909 S.W.2d 8, 10 (Tenn.Crim.App.1994) (quoting *State v. Delp*, 614 S.W.2d 395, 398 (Tenn.Crim.App.1980)).

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Article I, section 9 of the Tennessee Constitution states, "That in all criminal prosecutions, the accused hath the right to . . . meet the witnesses face to face." The United States Supreme Court explained in *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), that the defendant at a revocation hearing has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." However, the court elaborated that "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.*

In *Crawford*, the United States Supreme Court held that an out-of-court, testimonial statement by a declarant is inadmissible in a criminal prosecution unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant about the substance of the statement. *Crawford*, 541 U.S. at 68, 124 S.Ct. 1354. The Supreme Court, however, did not address the scope of when its decision would apply.

The Tennessee courts have yet to determine whether *Crawford* applies in a probation revocation proceeding. However, a general survey of other jurisdictions reveals that the federal circuits and state courts addressing the issue have found that *Crawford* does not apply to probation or supervised release revocation hearings.

*See, e.g., United States v. Kelley*, 446 F.3d 688, 691–92 (7th Cir.2006); *Ash v. Reilly*, 431 F.3d 826, 829–30 (D.C.Cir.2005); *United States v. Rondeau*, 430 F.3d 44, 47–48 (1st Cir.2005); *United States v. Hall*, 419 F.3d 980, 985–86 (9th Cir.2005); *United States v. Kirby*, 418 F.3d 621, 627–28 (6th Cir.2005); *United States v. Aspinall*, 389 F.3d 332, 343 (2nd Cir.2004), *abrogated on other grounds as recognized in United States v. Fleming*, 397 F.3d 95, 99 n. 5 (2nd Cir.2005); *United States v. Martin*, 382 F.3d 840, 844 (8th Cir.2004); *Peters v. State*, 984 So.2d 1227, 1233 (Fla.2008); *State v. Rose*, 144 Idaho 762, 171 P.3d 253, 258–59 (2007); *Reyes v. State*, 868 N.E.2d 438, 440 n. 1 (Ind.2007); *Commonwealth v. Wilcox*, 446 Mass. 61, 841 N.E.2d 1240, 1246–48 (2006); *State v. Pompey*, 934 A.2d 210, 215 (R.I.2007); *State v. Divan*, 724 N.W.2d 865, 870 (S.D.2006); *State v. Abd–Rahmaan*, 154 Wash.2d 280, 111 P.3d 1157, 1160–61 (2005); *State v. Carr*, 216 Ariz. 444, 167 P.3d 131, 134 (Ariz.Ct.App. 2007); *People v. Johnson*, 121 Cal.App.4th 1409, 18 Cal.Rptr.3d 230, 232 (2004); *Young v. United States*, 863 A.2d 804, 807–08 (D.C.2004); *State v. Palmer*, 37 Kan. App.2d 819, 158 P.3d 363, 367 (2007); *People v. Breeding*, 772 N.W.2d 810 (Mich.Ct. App.2009); *State v. Johnson*, 221 Or.App. 394, 190 P.3d 455, 458 (2008); *State v. Pauling*, 371 S.C. 435, 639 S.E.2d 680, 682 (S.C.Ct.App.2006).

These courts reached this conclusion because the *Crawford* decision was based on the Sixth Amendment, and the Sixth Amendment applies only in "criminal prosecutions." U.S. Const. amend. VI. The Supreme Court has long held that revocation hearings are not criminal prosecutions for purposes of the Sixth Amendment. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973) ("Probation revocation, like parole revocation, is not a stage of a criminal prosecu-

tion."); *Morrissey,* 408 U.S. at 480, 92 S.Ct. 2593 ("[R]evocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations.").

 Like these others courts, we decline to extend *Crawford* to probation revocation proceedings. Instead, a due process standard applies in determining the admissibility of a statement made by an out-of-court declarant at a probation violation proceeding. *Morrissey,* 408 U.S. at 481–89, 92 S.Ct. 2593; *see also Hall,* 419 F.3d at 985–86. Less process is due at a revocation hearing than during a criminal trial, and the trial court at a probation revocation hearing may consider documentary evidence that does not meet usual evidentiary requirements. *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593; *Gagnon,* 411 U.S. at 789, 93 S.Ct. 1756.

At this juncture, we note that in accordance with Tennessee Rule of Appellate Procedure 27(d), the defendant submitted, as supplemental authority, the recent United States Supreme Court case, *Melendez–Diaz v. Massachusetts,* —— U.S. ——, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), in support of his argument that an affidavit regarding forensic analysis is testimonial under *Crawford.* Nevertheless, because of our ultimate conclusion that *Crawford* does not apply in a probation revocation proceeding and nothing in *Melendez–Diaz* indicates that it is to be applied in such context, *Melendez–Diaz* does not change the outcome of this case.

 Therefore, the relevant question becomes when is an affidavit admissible in a probation revocation proceeding. In *State v. Wade,* 863 S.W.2d 406, 409–10 (Tenn.1993), our supreme court determined that the revocation of the defendant's probation could not be based upon a laboratory report without a finding of proof that the report was reliable and good cause as to the absence of the technician who had tested the sample. Subsequently, in *State v. Gregory,* 946 S.W.2d 829, 832 (Tenn.Crim.App.1997), this court concluded that an affidavit and laboratory report were admissible in the absence of a witness testifying as to the test results when the affidavit, unlike that in *Wade,* identified the person certifying the drug test and stated his qualifications; specifically described the method of testing and stated that it was the most accurate method for identifying the particular type of drug which was found; certified that the results of the test were accurate and reliable; and declared that established procedures and protocols were followed in the testing process. In 1998, Tennessee Code Annotated section 40–35–311 was amended to add the following section regarding admission of a laboratory report at a probation revocation proceeding:

A laboratory report regarding a defendant's drug test may be admissible in probation revocation proceedings, even though the laboratory technician who performed the test is not present to testify, when accompanied by an affidavit containing at least the following information:

(A) The identity of the certifying technician;

(B) A statement of qualifications from the certifying technician;

(C) A specific description of the testing methodology;

(D) A statement that the method of testing was the most accurate test for this particular drug;

(E) A certification that the test results were reliable and accurate;

(F) A declaration that all established procedures and protocols were followed; and

(G) A statement of acknowledgment that submission of false information in the affidavit may subject the affiant to prosecution for the criminal offense of perjury pursuant to § 39–16–702.

Tenn.Code Ann. § 40–35–311(c)(1).

We believe that the requirements set out in Tennessee Code Annotated section 40–35–311(c)(1) are intended to comply with the holding in *Morrissey,* to balance the defendant's rights to due process and to confront witnesses with the need for certain flexibility at a revocation hearing. The affidavit in this case clearly meets the requirements under Tennessee Code Annotated section 40–35–311. As such, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation on the basis of the defendant testing positive for cocaine.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.