THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. BROWN, Appellant. [821 NYS2d 348]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered March 22, 2005. The judgment revoked defendant's probation and imposed a term of incarceration.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the term of probation imposed upon his conviction of assault in the second degree (Penal Law § 120.05 [2]) and sentencing him to a term of incarceration. Defendant contends that the decision of the Supreme Court in *Crawford v Washington* (541 US 36 [2004]) precludes the use of a firearms report at his probation violation hearing. We reject that contention. Although the revocation of probation results in a loss of liberty, it is not a criminal prosecution (*see generally Gagnon v Scarpelli*, 411 US 778, 782 [1973]; *Matter of Darvin M. v Jacobs*, 69 NY2d 957, 959 [1987]). Thus, *Crawford*, which "preserved defendant's right to confront witnesses in the context of a criminal prosecution," does not apply (*People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]). In any event, any error in admitting the firearms report is harmless (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.