No. 99,725

STATE OF KANSAS, *Appellant*, v. WENDELL LESHAY, *Appellee*.

(213 P.3d 1071)

Opinion filed August 28, 2009.

*Tony Cruz*, assistant county attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for the appellant.

*Janine Cox*, of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

JOHNSON, J.: The State appeals the district court's dismissal of criminal charges filed against Wendell Leshay relating to allegations that he possessed cocaine. The charges were dismissed after the district court determined that K.S.A. 22-2902a, which authorizes the admission of forensic laboratory reports at preliminary hearings, is unconstitutional because it violates the Confrontation Clause of the Sixth Amendment to the United States Constitution. Finding that the Confrontation Clause does not apply to laboratory reports admitted at a preliminary examination, we reverse and remand for further proceedings.

## FACTUAL OVERVIEW

Leshay was arrested and charged with possession of cocaine and six other felony charges. During the preliminary hearing, the magistrate admitted a Kansas Bureau of Investigation (KBI) laboratory report, which identified substances found on scales retrieved from Leshay's home as cocaine. Leshay objected to the admission of the report as violating his Sixth Amendment right to confrontation because the technician who prepared the report was not present to testify. The court overruled the objection and ultimately bound over Leshay on all charges.

Before trial, Leshay filed a motion to dismiss, reasserting his Confrontation Clause argument regarding the admission of the lab reports. The district court opined that, after the United States Supreme Court decision in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), the provision of K.S.A. 22-2902a which authorizes the admission of certain forensic reports without the necessity of in-person testimony violates the Sixth Amendment's Confrontation Clause. Accordingly, the district court dismissed the charges to which the laboratory report related. In turn, the State dismissed the remaining charges of the complaint and appealed the district court's dismissal.

## STANDARD OF REVIEW

We employ an unlimited standard of review when addressing issues pertaining to the Confrontation Clause of the Sixth Amendment to the United States Constitution. *State v. Noah*, 284 Kan. 608, 612, 162 P.3d 799 (2007). Any issue of statutory interpretation is likewise subject to de novo review. *State v. Ortega-Cadelan*, 287 Kan. 157, 164, 194 P.3d 1195 (2008); *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

## STATUTORY PROVISION

The authority for a court to admit a KBI laboratory report at a preliminary examination without the presence of the laboratory technician is set forth in K.S.A. 22-2902a, which provides in relevant part:

"At any preliminary examination in which the results of a forensic examination, analysis, comparison or identification prepared by the Kansas bureau of investigation . . . are to be introduced as evidence, the report, or a copy of the report, of the findings of the forensic examiner shall be admissible into evidence in the preliminary examination in the same manner and with the same force and effect as if the forensic examiner who performed such examination, analysis, comparison or identification and prepared the report thereon had testified in person."

K.S.A. 22-2902a is situated in the Kansas Code of Criminal Procedure in the article dealing with procedures after arrest. It is immediately preceded by K.S.A. 22-2902, which statutorily creates the right to a preliminary examination in every case except where the charge resulted from a grand jury indictment. In other words, the provisions of K.S.A. 22-2902a were specifically and intentionally targeted to apply solely to preliminary examinations. The provisions are not applicable to the admission of forensic examiner reports at trial. *Cf.* K.S.A. 2008 Supp. 22-3437 (governing admissibility of forensic examiner reports at trial).

## CONFRONTATION CLAUSE

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." That guarantee applies to criminal defendants in both federal and state prosecutions. See *Pointer v. Texas*, 380 U.S. 400, 406, 13 L. Ed. 2d 923, 85 S. Ct. 1065 (1965) (Sixth Amendment applicable to states via Fourteenth Amendment).

In a recent landmark decision, *Crawford v. Washington*, the United States Supreme Court significantly overhauled the analysis and application of the Confrontation Clause. *Crawford* clarified that a witness' testimony against a defendant is inadmissible unless the witness appears at trial or, if the testimonial witness is unavailable to testify at trial, the defendant had a prior opportunity for cross-examination. *Crawford*, 541 U.S. at 59; see *Melendez-Diaz v. Massachusetts* 557 U.S. 305, 174 L. Ed. 2d 314, 129 S. Ct. 2527, 2531 (2009).

*Crawford* did not specifically define what types of statements were testimonial. 541 U.S. at 68 ("We leave for another day any

effort to spell out a comprehensive definition of 'testimonial.'"). In this case, the State did not seriously challenge the character of the KBI lab report, conceding that it was testimonial based upon a Court of Appeals decision that was pending review in this court. Subsequently, the United States Supreme Court specifically found that a laboratory analyst's certificate offered to prove the substance which defendant had possessed was cocaine fell within the "core class of testimonial statements" subject to the Confrontation Clause. *Melendez-Diaz v. Massachusetts*, 557 U.S. at 310. Based on that decision, we conclude that the forensic examiner reports referred to in K.S.A. 22-2902a are testimonial statements.

## *APPLICABILITY OF CONFRONTATION CLAUSE*

On appeal, the State argues that the Confrontation Clause of the Sixth Amendment does not apply at a preliminary examination, *i.e.*, a defendant does not have the right to confront the witnesses against him or her at that stage of the criminal proceedings. Obviously, if the right to confront witnesses is inapplicable to a preliminary examination, then K.S.A. 22-2902a, which deals solely with the admission of a forensic examiner's report at the preliminary examination, cannot be unconstitutional under the Confrontation Clause.

Leshay acknowledges that the State's argument is directly supported by this court's prior decision in *State v. Sherry*, 233 Kan. 920, 667 P.2d 367 (1983). In *Sherry*, like here, the district court dismissed drug charges following the preliminary examination at which the prosecution had used K.S.A. 22-2902a to admit Wichita Police Department laboratory reports. The statute had been recently amended to essentially its current form. See L. 1982, ch. 143. The district court in *Sherry* had opined that K.S.A. 22-2902a was constitutionally deficient in a number of ways, including being in violation of " 'the right of confrontation, the denial of effective assistance of counsel, and denial of equal protection and due process.' " 233 Kan. at 924. The State appealed the dismissal, and this court reversed.

The *Sherry* opinion reviewed the legislative history of the 1982 changes to K.S.A. 22-2902a, noting that its purpose was to increase

the efficient use of the forensic examiner's time. 233 Kan. at 925-26. It then declared that "[t]he constitutionality of K.S.A. 1982 Supp. 22-2902a is directly related to what procedure the Constitution of the United States requires in a preliminary examination, and the nature and purpose of the preliminary examination in Kansas." 233 Kan. at 927. With respect to constitutional requirements, *Sherry* cited to *Gerstein v. Pugh*, 420 U.S. 103, 112-13, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975), for the proposition that, although the Fourth Amendment requires the states to afford a criminal defendant a timely judicial determination of probable cause as a prerequisite to detention, an adversarial hearing is not constitutionally required. 233 Kan. at 927. "The legislature of each state has the power to create a procedure for preliminary examinations." 233 Kan. at 928.

*Sherry* discussed the significance of the preliminary examination in this state, but noted that "the source of the right to a full adversarial proceeding is statutory." 233 Kan. at 928. Accordingly, *Sherry* rejected the claimed violation of the Confrontation Clause:

"The trial court was incorrect when it ruled that K.S.A. 1982 Supp. 22-2902a violated the defendant's constitutional right of confrontation at the preliminary hearing. There is no constitutional right to allow the accused to confront witnesses against him at the preliminary hearing. *Gerstein v. Pugh*, 420 U.S. at 121-22. The Sixth Amendment right of confrontation is protection that exists at the trial of the defendant. If the defendant wishes to examine the qualifications of the forensic examiner, the procedure followed in testing the substance, or the results of the test, he may do so by subpoena, bringing the forensic examiner into court pursuant to K.S.A. 22-3214. A defendant may request discovery pursuant to K.S.A. 22-3212 and 22-3213. Defendants also have the right to have similar or other tests performed by their own experts." 233 Kan. at 929.

The State also points to the United States Supreme Court declaration that "[t]he right to confrontation is basically a trial right." *Barber v. Page*, 390 U.S. 719, 725, 20 L. Ed. 2d 255, 88 S. Ct. 1318 (1968). However, that statement was made in connection with the court's discussion of whether the opportunity to cross-examine a witness at a preliminary hearing was sufficient to satisfy the right of confrontation where the preliminary hearing transcript was used at trial, in lieu of the live witness. The question of whether a con-

stitutional right of confrontation also existed at the preliminary hearing was not before the court.

Leshay does not argue that *Sherry* was wrongly decided at the time of its issuance. Rather, he simply points out that the Kansas Supreme Court decided *Sherry* long before the United States Supreme Court rendered its decision in *Crawford.* Leshay does not, however, explain how *Crawford* changed or rendered invalid the rationale employed by either *Sherry* or the United States Supreme Court decision in *Gerstein,* upon which *Sherry* relied. We are unable to make that connection on our own.

*Crawford* involved the admission of a testimonial statement at trial, not at a probable cause hearing. The essence of the opinion was to eliminate the "adequate 'indicia of reliability' " exception to the right of confrontation which had been recognized in *Ohio v. Roberts*, 448 U.S. 56, 66, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980). "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford,* 541 U.S. at 68-69. The Court had no occasion to revisit when the full panoply of rights, including the right of confrontation, might arise prior to trial. In short, we do not read *Crawford* as making confrontation a constitutional requirement at a preliminary examination.

Leshay further argues that the language of the Sixth Amendment does not explicitly state that it is applicable only "at trial." He then implicitly acknowledges that the time at which the Sixth Amendment rights first arise is, by necessity, a matter of judicial interpretation by citing to *Kirby v. Illinois,* 406 U.S. 682, 689-90, 32 L. Ed 2d 411, 92 S. Ct. 1877 (1972), for the proposition that the Sixth Amendment right to counsel attaches at the time of arraignment. Moreover, the *Kirby* holding is not persuasive given that a preliminary examination in this state precedes arraignment. See K.S.A. 22-2902(7) (judge conducting preliminary examination has discretion to conduct arraignment at conclusion of preliminary examination). Likewise, Leshay's reliance on decisions from other jurisdictions finding that the Confrontation Clause applies at

sentencing is not compelling on the issue of whether it applies at the probable cause hearing.

Interestingly, Leshay also cites to *Barber v. Page* but suggests that the Supreme Court equivocated by saying that "[t]he right to confrontation is *basically* a trial right." (Emphasis added.) 390 U.S. at 725. However, where we find *Barber v. Page* to be cogent to our issue is in its description of the " 'primary object of the [Confrontation Clause of the Sixth Amendment],' " which includes

" 'an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' " 390 U.S. at 721 (quoting *Mattox v. United States*, 156 U.S. 237, 242-43, 39 L. Ed. 409, 15 S. Ct. 337 [1895]).

That language at least suggests that the right to confrontation was designed to function at trial.

Curiously, Leshay contends that our holdings in *State v. Young*, 277 Kan. 588, 87 P.3d 308 (2004), and *State v. Noah*, 284 Kan. 608, 162 P.3d 799 (2007), somehow support his argument that the right to confrontation exists at the preliminary examination. Those cases dealt with whether the defendant's right to confrontation *at trial* was satisfied because the defendant had been afforded a prior opportunity to cross-examine the witness at the preliminary hearing. Neither case even suggests that just because the defendant received the opportunity to confront the witness at the preliminary hearing, the prior opportunity had been constitutionally mandated. A state's *statutory* procedure for probable cause determinations may well present an opportunity for the defendant to cross-examine a witness at the preliminary hearing without elevating the opportunity to a federal constitutional right.

Finally, Leshay fashions an argument that denying him the right to confront and cross-examine the forensic examiner constituted a violation of his due process rights under the Fifth and Fourteenth Amendments. He contends that the Court of Appeals opinion in *State v. Palmer*, 37 Kan. App. 2d 819, 158 P.3d 363 (2007), is analogous. That opinion suggested that the denial of the opportunity to confront and cross-examine a witness at a probation revo-

cation hearing can have due process implications. Leshay asserts that a criminal defendant's liberty interest is as involved in the preliminary examination outcome as it is at a probation revocation hearing.

Leshay did not make the due process argument to the district court. Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Alger*, 282 Kan. 297, 304, 145 P.3d 12 (2006). Leshay does not argue that suspension of the issue preservation requirement is warranted. See *State v. Shopteese*, 283 Kan. 331, 339, 153 P.3d 1208 (2007) (discussing exceptions to general rule that new legal theory may not be asserted for first time on appeal). Moreover, *Palmer* included a factual component in the calculus, indicating that the trial court should evaluate the State's explanation for the denial of the right to confrontation and the reliability of the proffered evidence. Appellate courts should not be the first to consider an issue which requires factual findings. See *Ortega-Cadelan*, 287 Kan. at 161 (declining to be the first tribunal to consider inherently factual cruel and unusual punishment issue).

In conclusion, we hold that the federal Constitution does not require a state to establish a procedure for the preliminary examination of probable cause that affords the defendant the full panoply of constitutional rights which are applicable at a criminal defendant's trial. The Confrontation Clause of the Sixth Amendment to the United States Constitution does not apply to the admission of KBI laboratory reports at the preliminary examination. K.S.A. 22-2902a is not unconstitutional.

Reversed and remanded.

McFARLAND, C.J., not participating.
MARQUARDT, J., assigned.