NOT DESIGNATED FOR PUBLICATION

No. 116,493

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY DEWAYNE MEYERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed December 1, 2017. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Kristi Cott* and *Nicholas C. Vrana*, assistant county attorneys, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: A jury sitting in Finney County District Court in May 2016 convicted Defendant Jimmy Dewayne Meyers of 11 felony sex crimes against four children, resulting in a life sentence with a parole eligibility date that insures he will die in prison. On appeal, Meyers alleges prejudicial prosecutorial error in closing argument to the jury and, for the first time, asserts a denial of his right to due process as guaranteed in the Kansas Constitution because propensity evidence of his sexual proclivities was

1

admitted during the trial. We find neither of those claims, as presented, warrants reversal of the convictions and affirm.

Given the issues, we need not detail the sordid conduct underlying the charges. The victims were between the ages of five and nine years old in the summer of 2015 when Meyers abused them. Two of them are his own children. All of the victims testified at trial, and the prosecution introduced various out-of-court statements from them about what Meyers did. That evidence outlined incidents of sexual abuse in addition to those actually charged. Meyers testified in his own defense and denied the allegations. He claimed the mothers of the children induced them to lie about the abuse because they were angry with him.

For his first point, Meyers complains that two representations the prosecutor made in closing argument to the jurors mischaracterized the evidence, thereby improperly influencing them to bring back guilty verdicts. The parties are familiar with the specific statements. One concerned evidence of pornographic websites found on a gaming device that can access the Internet—a detail that would be consistent with the children's accounts. Meyers contends the prosecutor misstated the timeline concerning the discovery of the device, making it appear as if neither of the women would have had the opportunity to tamper with the device by planting indicators that it had been used to access the websites. The other representation concerned the prosecutor's characterization of testimony about whether trace DNA evidence can be collected more than 96 hours after it has been deposited. Meyers says the prosecutor incorrectly suggested the time limit applied to any DNA evidence rather than DNA evidence left on a person, thereby improperly minimizing the absence of biological evidence in various places the children said the sex abuse occurred.

We analyze challenged jury arguments for prosecutorial error using the two-step process outlined in *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016). The first

step requires the reviewing court to determine if there was error at all. That is, did the prosecutor step outside the wide latitude afforded the State's lawyers in presenting a criminal case to a jury? If so, the reviewing court must determine whether the error compromised the defendant's due process right to a fair trial using the settled standard for harmlessness of a constitutional violation. To meet that standard, the State must demonstrate there was no reasonable possibility the error contributed to the guilty verdict in light of the entire trial record. 305 Kan. at 109.

In front of the jurors, this case turned on a credibility contest between the children, on the one hand, and Meyers, on the other. The jurors had the opportunity to see all of them testify and, thus, to gauge their demeanor and their responses to questions put to them on cross-examination. As this court has recognized, that reflects a compelling test of credibility. *State v. Franco*, 49 Kan. App. 2d 924, 936, 319 P.3d 551 (2014) ("And '[t]he judicial process treats an appearance on the witness stand, with the taking of an oath and the rigor of cross-examination, as perhaps the most discerning crucible for separating honesty and accuracy from mendacity and misstatement.'"), *rev. denied* 301 Kan. 1049 (2015) (quoting *State v. Bellinger*, 47 Kan. App. 2d 776, 787, 278 P.3d 975 [2012] [Atcheson, J., dissenting]).

Here, the arguments Meyers relies upon were comparatively minor points of limited persuasive value as against the competing testimonial accounts of what Meyers did or did not do to the children. The prosecutor made them briefly and did not focus on them as central to the issues before the jurors. In analyzing this issue, we make no determination as to whether the prosecutor's remarks were error. We turn directly to the matter of prejudice and readily conclude there was no reasonable chance those comments tipped what would have been not guilty verdicts to guilty verdicts. Meyers has not shown a legal basis for relief.

3

For his second point, Meyers asserts for the first time on appeal that the State relied on propensity evidence admitted under K.S.A. 2016 Supp. 60-455(d) in violation of his due process rights protected in the Kansas Constitution. Meyers never identifies the particular propensity evidence to which he now objects. We understand it to be the children's testimony and statements about instances of Meyers' sexual abuse of them that do not correspond to and exceed the charged crimes. Meyers made no trial objection to the evidence. And those incidents may be more in the nature of multiple acts evidence than propensity evidence, especially since the existence of any of the abuse depends upon the credibility of the children. The district court instructed the jurors on the requirement that they agree as to the particular act of sexual abuse supporting each charge against Meyers. See *State v. King*, 297 Kan. 955, 977-78, 305 P.3d 641 (2013) (discussing multiple acts evidence and the need for a jury instruction on unanimity).

An appellate court is not obligated to consider issues raised for the first time on appeal, including those asserting constitutional challenges, and generally should refrain from doing so. See *State v. Leshay*, 289 Kan. 546, 553, 213 P.3d 1071 (2009). Given the record on appeal, we see no compelling reason to depart from the general rule. Any error would not be dispositive of the case and could very well be constitutionally harmless in light of the jury's obvious credibility findings favoring the children's account of what Meyers did to them. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (appellate court *may* consider issue for first time on appeal:  if it presents question of law determinative of case; if it would serve ends of justice or preserve fundamental right; or if it provides correct reason to affirm ruling for which district court cited incorrect ground). We decline to take up the constitutional issue.

Affirmed.

4